E-FILED
Wednesday, 25 November, 2026 02:30:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ERVIN CONNER,<br><br>Plaintiff,<br><br>v.<br><br>FRANK FUHR,<br><br>Defendants. | ) | 26-4192 |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at the Rock Island County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

As a threshold matter, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 11). The motion contains one page outlining the relief he seeks. Plaintiff's motion (Doc. 11) is denied. The Court does not accept piecemeal amendments.

Plaintiff alleges that Defendant Fuhr was the state court judge that presided over his state law criminal proceedings. Plaintiff alleges that on May 9, 2024, the Illinois appellate court issued an order vacating Plaintiff's detention order and granted the State 21 days to file another petition. Plaintiff alleges that he remained in custody from May 9, 2024, through May 31, 2024, the date Defendant Fuhr conducted a hearing on the State's renewed petition to revoke Plaintiff's pretrial release. Plaintiff alleges that Defendant Fuhr "willfully and with malice" disobeyed the appellate court's order to release him from custody.

The Illinois Appellate Court issued a ruling on May 9, 2024, finding that the State had not conducted a hearing on the petition to revoke pretrial release within the timeframe required by statute and vacated the trial court's order revoking Plaintiff's pretrial release. *People v. Connor*, 2024 WL 2077462, at *5 (Ill. Ct. App. 2024). The appellate court specifically declined to bar the state from renewing any petition to revoke Plaintiff's pretrial release.

Online records from Plaintiff's state court criminal case indicate that the trial court received the appellate court's mandate on May 17, 2024. *People v. Connor*, No. 2023 CF 927 (Rock Island Cty., Ill.), available at: www.judici.com (select the county and enter case number in appropriate box) (last accessed Oct. 6, 2026). The State filed a petition to revoke pretrial release on May 30, 2024, and Defendant Fuhr granted the petition following a hearing the next day. *Id.* The state court docket also discloses that Defendant Fuhr had granted defendant's motion for a fitness evaluation on April 25, 2024, and that Plaintiff had other pending criminal matters.

Judges are entitled to absolute immunity for all actions taken in their judicial capacity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). *See also Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022). Plaintiff appears to allege that Defendant Fuhr acted outside his judicial capacity by refusing to enter an order

releasing him from custody once the appellate court vacated the detention order. Assuming Plaintiff is alleging that his two-week detention pending a hearing on the renewed petition to revoke pretrial release was unlawful, and that Defendant Fuhr is not absolutely immune, Plaintiff has no cause of action under § 1983 for claims that, if successful, would necessarily imply the invalidity of the confinement unless and until he successfully challenges his confinement via a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). This requirement applies even if the detention in question has ended. *Savory v. Cannon*, 947 F.3d 409, 430-31 (7th Cir. 2020).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted and that Defendant Fuhr is immune from suit. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion [4] is DENIED with leave to renew.**

3) **Plaintiff's Motion [11] is DENIED.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 25th day of November, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE